## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | **COMPLAINT** **JURY TRIAL DEMAND** |
| SMOKIN' JOE'S TOBACCO SHOP, INC. d/b/a SMOKIN' JOE'S TOBACCO SHOP, | ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex and to provide appropriate relief to Kari L. Wasylak ("Ms. Wasylak") and Erin Murphy ("Ms. Murphy") who were adversely affected by such practices. As articulated with greater particularity in paragraphs 7 and 8 below, the Commission alleges that during their employment, Ms. Wasylak and Ms. Murphy were subjected to sexual harassment in the form of a hostile work environment through the actions of their Regional Manager and direct Supervisor, Daryl Wormuth. The Commission further alleges that although Ms. Wasylak objected to the conduct and complained to Defendant about the sexually hostile work environment, no remedial action was undertaken to stop the conduct. The Commission also alleges that because Ms. Wasylak complained of the sexual harassment, Defendant terminated her in retaliation for her complaints. As a result of the sexually hostile work environment, Ms. Wasylak and Ms. Murphy suffered severe emotional distress, and Ms. Wasylak also suffered economic losses as a result of the retaliatory discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §19981 A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4. At all relevant times, Defendant, Smokin' Joe's Tobacco Shop, Inc. d/b/a Smokin' Joe's Tobacco Shop ("Smokin' Joe's"), has been and is now doing business in the Commonwealth of Pennsylvania and the City of Philadelphia and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000(e)(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Kari L. Wasylak filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 2004, Defendant Employer has engaged in unlawful

employment practices at its Morrisville, Pennsylvania facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting Kari L. Wasylak and Erin Murphy, to a sexually hostile and offensive work environment based upon incidents which include, but are not limited to, the following:

(a) Kari L. Wasylak and Erin Murphy were employed with Defendant Smokin Joe's since 2004 and reported to Regional Manager, Daryl Wormuth ("Mr. Wormuth").

(b) During their tenure with Defendant, both Ms. Wasylak and Ms. Murphy were subjected to a sexually offensive and hostile work environment consisting of unwelcome behavior including offensive sexually based comments, innuendo and inappropriate touching.

(c) For example, Mr. Wormuth would regularly question Ms. Wasylak about her sex life, comment about Ms. Wasylak's body parts directly to her and her co-workers, call Ms. Wasylak "cupcake", tell her that he wanted to "lash [Ms. Wasylak] with a wet noodle" and "eat her as if she were a piece of fruit." In addition, Mr. Wormuth would stare intensely at Ms. Wasylak's body parts in a sexual manner and place himself uncomfortably close to her person. In addition, Mr. Wormuth would request that Ms. Wasylak, and other female employees, perform oral sex on him.

(d) By way of further example, Mr. Wormuth would compare the size of Ms. Murphy's breasts to those of Ms. Wasylak's, constantly asked Ms. Murphy out on dates, referred to her as his "girlfriend" and regularly stated that she was "hotter" and "cuter" than the other female employees.

(e) Ms. Wasylak repeatedly objected to Mr. Wormuth's unwelcome behavior and, despite her requests that he immediately refrain from such conduct, Mr. Wormuth continued to subject Ms. Wasylak and Ms. Murphy to sexual harassment and a hostile work environment.

(f) Because Mr. Wormuth ignored Ms. Wasylak's repeated requests that he immediately stop his offensive behavior, Ms. Wasylak complained to Defendant's corporate office on and about

March 1, 2005.

8.    Since at least on or about March 4, 2005, Defendant Employer has engaged in unlawful employment practices at its Morrisville, Pennsylvania location in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by retaliating against Ms. Wasylak as follows:

(a) Following Ms. Wasylak's complaints to Defendant's corporate office concerning Mr. Wormuth's offensive conduct, and her expressed concern regarding the close proximity of her "investigation interview" to Mr. Wormuth's office, Ms. Wasylak was cited for "being uncooperative", Defendant removed her name from the schedule on or about March 4, 2005, and she was ultimately terminated on or about March 18, 2005.

9.    The effect of the practices complained of in paragraphs 7 and 8 above, including their respective sub-parts, has been to deprive Kari L. Wasylak and Erin Murphy, as a female employees, of an harassment free work environment, equal employment opportunities and otherwise adversely affected their status as employees because of their sex.

10.    The acts complained of in paragraphs 7 and 8 above, including their respective sub-parts, were intentional and malicious.

11.    The unlawful employment practices complained of in paragraphs 7 and 8 above, including their respective sub-parts, was done with reckless indifference to the federally protected rights of Kari L. Wasylak and Erin Murphy as a female employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex or retaliation.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D.    Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E.    Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F.    Order Defendant Employer to make whole Kari L. Wasylak by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.    Order Defendant Employer to make whole Kari L. Wasylak and Erin Murphy by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including their respective sub-parts, which include, but are not limited to, out-of-pocket losses, in amounts to be determined at trial.

H.    Order Defendant Employer to make whole Kari L. Wasylak by providing

compensation for past and future non pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including their respective sub-parts, which include, but are not limited to, pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

     I.     Order Defendant Employer to pay Kari L. Wasylak and Erin Murphy punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, including their respective sub-parts, in amounts to be determined at trial.

     J.     Grant such further relief as the Court deems necessary and proper in the public interest.

     K.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L. Street, NW
Washington, DC 20507

JACQUELINE H. MCNAIR
Regional Attorney

DEBRA LAWRENCE
Supervisory Trial Attorney

STEPHANIE MARINO
Trial Attorney

MARY M. TIERNAN
Senior Trial Attorney

*EQUAL EMPLOYMENT OPPORTUNITY*
*COMMISSION*
Philadelphia District Office
The Bourse Building
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Telephone: (215) 440-2686
Fascimile:   (215) 440-2848