## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | : | CIVIL ACTION |
| OPPORTUNITY COMMISSION, | : | |
| Plaintiff, | : | |
| | : | |
| KARI WASYLAK, | : | NO. 06-01758 |
| Intervenor, | : | |
| | : | |
| v. | : | |
| | : | |
| SMOKIN' JOE'S TOBACCO | : | |
| SHOP, Inc., | : | |
| Defendant. | : | |

## M E M O R A N D U M

**STENGEL, J.**                                              **August 22, 2007**

This is a sexual harassment and retaliation case.  Plaintiff/intervenor Kari Wasylak alleges that her supervisor, Darryl Wormuth, sexually harassed her and created a hostile work environment.  Wasylak further alleges that Smokin' Joe's terminated her in retaliation for lodging a sexual harassment complaint.  Defendant maintains that Wasylak did not experience sexual harassment and that she abandoned her job and was eventually terminated for refusing to cooperate in the sexual harassment investigation several weeks after she stopped showing up for work. In preparation for the upcoming trial, the court held a hearing on the parties motions in limine.  After considering the parties' motions and hearing argument, I will rule on the motions as discussed below.

-1-

I. **Plaintiff's Motions**

 A. **Amended Motion in Limine to Exclude Evidence of Darryl Wormuth's Awards and Commendations**

Plaintiff moves to exclude evidence of awards, recommendations and training Mr. Wormuth received as a volunteer fireman, for his military training, discharge or awards. Plaintiff argues that this evidence is irrelevant under Rule 402, is inadmissible character evidence under Rule 404, and would be prejudicial to plaintiff under Rule 403.

Defendant responds that this evidence is admissible under Rule 608(a) to rebut plaintiff's expected attack on Mr. Wormuth's character and his credibility. Rule 608(a) states that "[t]he credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." FED. R. EVID. 608.

Prior to trial, it is not possible to determine if plaintiff will attack Mr. Wormuth's character and make it necessary for defendant to introduce evidence of Mr. Wormuth's character for truthfulness. Therefore, I will deny this motion and make rulings on the admissibility of Mr. Wormuth's awards and commendations at trial depending on the evidence presented in plaintiff's case.

B.      **Motion in Limine to Exclude Evidence of Accelerated Rehabilitative Disposition**

As plaintiff's motion is unopposed, the court will grant plaintiff's motion.

C.      **Motion in Limine to Exclude Evidence of Sexual History and Marital Status and Defendant's Cross Motion Pursuant to Rule 412**

In order to prevail on a sex discrimination hostile environment claim, a plaintiff must prove five elements: "(1) she suffered intentional discrimination because of her [sex]; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present." Jensen v. Potter, 435 F.3d 444, 449 (3d Cir. 2006).  The Supreme Court has stated that "[c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment - - an environment that a reasonable person would find hostile or abusive -- is beyond Title VII's purview.  Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation."  Harris v. Forklift Sys., 510 U.S. 17, 22 (1993).  Therefore, a plaintiff's sexual conduct at work is relevant to the issue of whether she was offended when others engaged in similar conduct at work.  Flick v. Aurora Equipment Co., Inc., No. 03-2508, 2004 U.S. Dist. LEXIS 4304, *6 (E.D. Pa. Jan. 15, 2004) (citing Meritor Sav. Bnk, v. Vinson, 477 U.S. 57, 69 (1986)).  This is still true even

if the alleged harasser did not observe plaintiff's conduct because plaintiff's actions are

evidence that she was not offended by the sexual conduct of others in the workplace.  Id.

Courts in the Third Circuit follow this view.  See Flick, 2004 U.S. Dist. LEXIS 4304 at

*6-7 (finding that evidence of plaintiff's sexual conduct at work was relevant to the issue

of whether plaintiff was offended when other co-workers engaged in similar conduct);

Fedio v. Circuit City Stores, Inc., No. 97-5851, 1998 U.S. Dist. LEXIS 21144, *6 (E.D.

Pa. Nov. 4, 1998) (holding that even if plaintiff engaged in sexual conduct outside the

workplace, the fact that plaintiff boasted about the conduct at the workplace made the

actions relevant to her hostile work environment claim); Sublette v. The Glidden Co., No.

97-5047, 1998 U.S. Dist. LEXIS 15692, *6-9 (E.D. Pa. Oct. 1, 1998) (holding that

plaintiff's sexually provocative speech and dress at work were highly relevant to her

hostile work environment claim).

Once the evidence is deemed relevant, a court must determine whether it is

admissible under Rule 412, which states that evidence in a civil case offered to prove a

victim's sexual predisposition or behavior is not admissible unless the evidence "is

otherwise admissible under these rules and its probative value substantially outweighs the

danger of harm to any victim and of unfair prejudice to any party.  Evidence of an alleged

victim's reputation is admissible only if it has been placed in controversy by the alleged

victim." FED. R. EVID. 412.  Under subdivision (c) of Rule 412, a party intending to offer

this evidence must file a written motion fourteen days before trial, which defendant has

-4-

done, and the court must hold a hearing and in camera review.

Plaintiff requests a motion in limine to exclude evidence of her sexual history, marital status, and the illegitimacy of her child under Rule 412.  Defendant has filed a cross-motion to introduce the following evidence about plaintiff's sexual conduct and marital status at trial: that plaintiff was unmarried when she worked at Smokin' Joe's; that she called Mr. Wormuth "peaches" and "big daddy," that she flirted with Mr. Wormuth, that she dated a co-worker, Lucas Gelatko, and that she spoke about her sexual relationship with Gelatko with other co-workers in the workplace.

Plaintiff contends that the allegations in the case do not involve the sexual behavior of any employee at Smokin' Joe's except for Mr. Wormuth and therefore plaintiff's own conduct is irrelevant.  Plaintiff also suggests that the evidence should be excluded because she disclosed details of her sexual conduct to two other female employees in a private conversation.  This position is unavailing under the caselaw described above.  Plaintiff's discussion in the workplace of her sexual conduct outside the workplace is clearly relevant to defendant's theory that because plaintiff was single, dating a co-worker, and talked about her sex in the workplace, she may not have been offended by Mr. Wormuth's comments and inquiries.  Plaintiff's conversation with her co-workers was not privileged and shows that plaintiff felt comfortable enough to have this conversation in a small work environment.  Plaintiff also argues that there is a risk that her character will be tarnished if the jury realizes that she had a child out of wedlock.

As defendant only seeks to introduce evidence that plaintiff was unmarried while employed at Smokin' Joe's, there is no risk of this occurring.

After considering the parties' motions and holding a sealed hearing on this issue, I will deny plaintiff's motion and grant defendant's cross motion to introduce plaintiff's sexual conduct at work and her marital status at the time she was employed at Smokin' Joe's.

### D.    Motion in Limine to Exclude Evidence of Alleged Drug Use

In 2004, Wasylak had a positive blood test showing the presence of marijuana. Wasylak seeks to exclude this evidence from trial, along with any suggestion that plaintiff used prescription drugs recreationally, since drug use outside of work does not violate any of Smokin' Joe's procedures and would be unduly prejudicial and confuse the issues for the jury under Rule 403.

Defendant does not intend to introduce evidence regarding plaintiff's use of illegal substances or her recreational use of prescription drugs but does intend to introduce plaintiff's use of prescription medication drugs for her mental health before and after her employment at Smokin' Joe's.  Plaintiff's medical records show that she has taken prescriptions for anxiety and depression since July 2002.  Since plaintiff is claiming emotional damages and claims that she is required to take medication because of her experience in the workplace, these medications are highly relevant and should not be excluded.  Therefore, I will permit defendant to introduce evidence of plaintiff's

prescription drug use but not evidence of her alleged use of illegal drugs.

**E.     Motion in Limine to Prevent Defendant from Introducing Evidence of the Settlement of Erin Murphy's Claims**

This suit was originally instituted by the EEOC on behalf of Erin Murphy, another employee of Smokin' Joe's, and Kari Wasylak.  During the course of discovery, the EEOC entered into a consent decree disposing of its claims against defendant.  Ms. Murphy also settled her claims for $6,000.  The consent decree is not binding on plaintiff. While the parties have attempted to stipulate as to how to address the EEOC's involvement in the case, they have been able to do so.

Rule 408 prohibits evidence of compromises or offers to compromise "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." FED. R. EVID. 408.  The rule does not prohibit settlements offered for another purpose, including "proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution."  Id.

Plaintiff wrongly asserts that Rule 408 bars the introduction of the settlement agreement.  She further argues that defendants intend to introduce the settlement paid to Ms. Murphy and suggest that it is a reasonable award for plaintiff, which would be prejudicial to plaintiff's claims.  Plaintiff further asks that defendant be precluded from making statements such as plaintiff's case demonstrates "the worst intentions of a private

litigant to coattail into a completely undeserved monetary windfall." Defendant responds that plaintiff intends for Ms. Murphy to testify about her former claims. If so, it will need to introduce evidence of the consent decree and her settlement to prove Ms. Murphy's bias and prejudice. Defendant also requests that the court strike the EEOC from the caption because it would be prejudiced if it could not explain that the EEOC was no longer a party after entering into the consent decree.

I will grant plaintiff's motion to preclude defendant from introducing evidence of Ms. Murphy's settlement. Additionally, I will instruct the parties that Ms. Murphy's testimony should be limited to her own observations of the workplace while she was employed at Smokin' Joe's. I will also grant defendant's request to remove the EEOC from the caption on all documents published to the jury.

### F. Motion in Limine to Exclude Testimony, Evidence, Argument, or Comment Inconsistent with 30(b)(6) testimony of Richard Prezelski

At the oral argument, the parties started discussions to resolve the issues in this motion in limine on their own. Therefore, I will not rule on this motion at this time.

### G. Motion for Spoliation Charge

Wasylak requests a charge that the jury can infer that the spoliation of an employee termination report[1] would show that Mr. Wormuth terminated Wasylak on March 3, 2005.

---

[1] This is the document prepared by plaintiff's supervisor, Darryl Wormuth, on Thursday, March 3, 2005. According to Mr. Wormuth, the resignation paper said "that [Wasylak] had failed to show up to her scheduled shifts on the above dates" and assumed that she had resigned. Wormuth Dep. p. 137. Mr. Wormuth turned over the draft

Wasylak made the same argument in her motion for summary judgment and the court declined to grant her motion at that time, noting that it would reconsider the issue at trial.

Spoliation is the destruction or alteration of evidence or the failure to otherwise preserve evidence for another party's use in pending or reasonably foreseeable litigation. MOSAID Techs. Inc. v. Samsung Elecs. Co., 348 F. Supp.2d 332, 335 (D. N.J. 2004).  A court can impose sanctions for spoliation including "dismissal of a claim or granting judgment in favor of a prejudiced party; suppression of evidence; an adverse inference, referred to as the spoliation inference; fines; and attorneys' fees and costs.  Id.  Spoliation sanctions "serve a remedial function by leveling the playing field or restoring the prejudiced party to the position it would have been without spoliation...[and] serve a punitive function, by punishing the spoliator for its actions, and a deterrent function...". Id.

In considering whether to give the jury a spoliation charge, the court must consider the following factors: (1) whether the evidence in question was within the party's control; (2) whether the party actually suppressed or withheld evidence; (3) whether the destroyed evidence was relevant; (4) whether it was reasonably foreseeable that the destroyed evidence would be discoverable in subsequent litigation.  MOSAID Techs. Inc., 348 F. Supp.2d at 336.  The first factor is satisfied because Smokin' Joe's had control over the

---

resignation report, along with other undelivered employee warnings and paperwork, to his supervisory replacement William Lowry.  Smokin' Joe's has attempted to locate the draft report without success.

resignation report.  The fourth factor is also met because it was reasonably foreseeable that any employment records concerning plaintiff would be discoverable.  In fact, this litigation itself was foreseeable because plaintiff informed Smokin' Joe's on March 1, 2005, before Mr. Wormuth even drafted the report, that she had retained an attorney and intended to sue.  The second and fourth factors are less clear.

As to the second factor, there is some dispute in this Circuit as to what constitutes "actual suppression."  "Some courts in the Third Circuit have construed 'actual suppression' to mean that the evidence must be intentionally or knowingly destroyed or withheld, as opposed to lost, accidentally destroyed or otherwise properly accounted for.  Others have used a more flexible approach that defies being labeled as requiring intentional or knowing destruction."  MOSAID Techs. Inc., 348 F. Supp. 2d at 338 (internal citations omitted).

There is also a factual dispute between the parties concerning whether defendant actually suppressed the report.  Mr. Wormuth testified that it was common practice to draft a resignation report if an employee did not show up for work and that he did not tell anyone else at Smokin' Joe's that he had filled out such a report.  Mr. Lowry testified that he never received Ms. Wasylak's termination report from Mr. Wormuth when he turned over documents after being relieved of his managerial responsibilities.  Plaintiff contends that the termination report was handed to Mr. Lowry on March 4th and defendant has proffered no explanation for the disappearance of the document.

As to the fourth factor, the parties dispute the relevance of the termination report. Defendant contends that the missing draft report is not material because it does not intend to rely on the document.  Instead, defendant will likely argue that it plaintiff abandoned her job and it terminated plaintiff on March 21, 2005 for failing to cooperate with a company investigation.  Plaintiff argues that the missing report is relevant because it would give an earlier date for the termination of March 3, 2005; give the reason for the termination; and disclose whether there was an ongoing investigation at the time into an incident involving Ms. Murphy and plaintiff.

I will deny plaintiff's request for a spoliation charge at this junction because there is a factual dispute concerning whether the defendant actually suppressed the report. Depending on the facts developed in evidence, I will consider an appropriate jury charge[2] for the termination report if defendant does not produce the report at trial.

## II.    Defendant's Motions

### A.    Motion in Limine to Exclude at Trial Any Evidence of the EEOC's Determination

Defendant moves for exclusion of the EEOC determination because it was not issued in accordance with EEOC regulations and is hearsay.  Plaintiff counters that the report is admissible as a hearsay exception.

---

[2] In addition to a spoliation charge, I will also consider charging the jury that if a party fails to produce a piece of evidence that is under its control, the jury can infer that the evidence is unfavorable to the party who could have produced it and did not.

Rule 803(8) excludes the following items from the hearsay bar:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

FED. R. EVID. 803(8).  It is widely held that "prior administrative findings made with respect to an employment discrimination claim may be admitted" pursuant to Rule 803(8)(C).  Coleman v. Home Depot, Inc., 306 F.3d 1333, 1341 (3d Cir.  2002) (citing Chandler v. Roudebush, 425 U.S. 840, 863 n. 39 (1976)).  To rebut this presumption of admissibility; the opposing party must establish enough negative factors to persuade a court that the report should not be admitted.  In re Nautilus Motor Tanker Co., 85 F.3d 105, 113 (3d Cir. 1996).

The principal basis for excluding government reports under Rule 803(8)(C) is untrustworthiness.  Coleman, 306 F.3d at 1341-42.  In the Third Circuit, a court should evaluate the report using the following factors[3] to make this determination:

---

[3] The court also cited the following additional factors: "(1) The finality of the agency findings, i.e., the state of the proceedings at which the findings were made (whether they are subject to subsequent proceedings or de novo review), and the likelihood of modification or reversal of the findings.  (2) The extent to which the agency findings are based upon or are the product of proceedings pervaded by receipts of substantial amounts of material which would not be admissible in evidence (e.g., hearsay, confidential communications, ex parte evidence), and the extent to which such material is supplied by persons with an interest in the outcome of the proceeding.  (3) If the findings are products of hearings, the extent to which appropriate safeguards were used (Administrative Procedure Act, Due Process), and the extent to which the investigation complied with all applicable agency regulations and procedures. (4)  The extent to which there is an ascertainable record on which the findings are based.  (5) The extent to which the findings are a function of an executive, administrative, or legislative policy judgment (as opposed to a factual

(1)  the timeliness of the investigation;

(2)  the special skill or experience of the official;

(3)  whether a hearing was held and the level at which conducted;

(4)  possible motivation problems.

Id. at 1342 (citing Fed. R. Evid. 803(8)(C) advisory committee's notes).  Even if a report is admitted under Rule 803(8), a trial court can still exclude it as prejudicial under Rule 403.  Id. at 1335.

First, defendant argues that the determination should be excluded because the EEOC exceeded its authority when it stated that it had found violations of Title VII because plaintiff and another female employee were subjected to sexual harassment, a hostile work environment, and plaintiff was subjected to retaliation and discharged. According to EEOC regulations, the commission can only "issue a determination that reasonable cause exists to believe that an unlawful employment practice has occurred or is occurring".  See 29 C.F.R. § 1601.21(a).  This argument is spurious; the language of the regulation does not preclude the EEOC from stating that Smokin' Joe's discriminated against its employees.  Moreover, the next sentence of the letter states that the investigator "finds reason to believe that violations have occurred."  Def's Mot. Ex. A.  It is not possible, or material, to determine whether the EEOC letter is a reasonable cause

---

adjudication) or represent an implementation of policy.  (6) The extent to which the findings are based upon findings of another investigative body or tribunal which is itself vulnerable as a result of trustworthiness evaluation.  (7) Where the public report purports to offer expert opinion, the extent to which the facts or data upon which the opinion is based are of a type reasonably relied upon by experts in a particular field.  Coleman, 306 F.3d at 1342 (citing Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 505 F. Supp. 1125, 1147 (E.D. Pa. 1980).

finding or a violation finding.

Defendant also argues that the EEOC determination lacks trustworthiness. Defendant asserts that the EEOC made its determination based on minimal evidence and did not cross examine witnesses during the fact finding conference. Defendant also states that the report was made in anticipation of litigation and suggests that both the plaintiff and the EEOC was biased.

Defendant's assertions lack merit. The EEOC determination is trustworthy. The investigation was timely: the EEOC complaint was filed on March 7, 2005, the fact-finding conference was held on July 21, 2005, and the determination was issued in February 2006. The EEOC investigation spanned 13 months. At the hearing, plaintiff proffered the five-hundred page investigation file. The file involves at least twenty-nine employees and makes specific factual findings. Defendant attended a fact finding conference and submitted evidence in support of its position.

Defendant also argues that the EEOC determination should be excluded under Rule 403 because its minimum probative value is substantially outweighed by the danger of unfair prejudice, confusion, and delay. This decision, again, is within the discretion of the trial court and to be determined on a case-by-case basis. Coleman, 306 F.3d at 1345.

It is well established that when an EEOC letter is inaccurate it can be excluded under Rule 403 for its low probative value and risk of undue delay. Coleman, 306 F.3d at 1346 (holding that the district court did not abuse its discretion in concluding that the

-14-

EEOC report creating the risk of undue delay because the report's conclusion that the employee was highly experienced was shown to be incorrect through the plaintiff's own testimony); <u>Kovacs v. Conmed</u>, No. 04-1667, 2006 U.S. Dist. LEXIS 29437, at *5 (E.D. Pa. May 11, 2006) (excluding EEOC letter that contained various inaccuracies).  Here, defendant does not contend that specific information in the EEOC letter is incorrect.

Courts in the Eastern District advance varied reasons for excluding or admitting EEOC determinations.  One court excluded the evidence as cumulative, since it would repeat facts proven at trial, and found that the jury would give undue weight to the letter's statement that there was discrimination.  <u>Cambra v. The Rest. Sch.</u>, No. 04-2688, 2005 U.S. Dist. LEXIS 26231, *11-12 (E.D. Pa. Nov. 2, 2005).  Another court opined that introducing the EEOC findings could consolidate the trial because the parties could rely on the findings instead of live witnesses.  <u>Oliver v. Bell Atlantic Corp.</u>, No. 92-751, 1992 WL 535594, *2 (E.D. Pa. Oct. 5, 1992).  The court also held that a limiting instruction would prevent the jury from giving the report undue weight.

While I think that the EEOC report is admissible under Rule 803(8)(C), I will exclude it under Rule 403 as unduly prejudicial and cumulative.  If the determination letter comes into evidence, it will be a sideshow that distracts the jury and lengthens the trial.  The report is not binding on the jury.  The defendant will have to spent a substantial amount of time discrediting the investigation, which will needlessly extend the trial.  While plaintiff's case will parallel the ground covered by the EEOC report, plaintiff does

not contend that evidence in the EEOC determination and investigation cannot be presented through first-person witnesses or other documents.  Therefore, there is no prejudice to the plaintiff in excluding the information from trial.  Even with a limiting instruction, it would be overly prejudicial to defendant to inform the jury that a governmental body found reasonable cause to believe that discrimination had occurred.  I will therefore exclude the report.

## IV.   CONCLUSION

I will rule on the parties' motions as discussed above.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | : | CIVIL ACTION |
| OPPORTUNITY COMMISSION, | : | |
| Plaintiff, | : | |
| | : | |
| KARI WASYLAK, | : | NO. 06-01758 |
| Intervenor, | : | |
| | : | |
| v. | : | |
| | : | |
| SMOKIN' JOE'S TOBACCO | : | |
| SHOP, Inc., | : | |
| Defendant. | : | |

**O R D E R**

**AND NOW,** this 22nd day of August, 2007, upon consideration of the parties'

motions in limine and the responses thereto and after hearing oral argument on the

motions, it is hereby **ORDERED**:

(1)   Plaintiff's Amended Motion in Limine to Exclude Evidence of Awards or
Commendations to Darryl Wormuth (Document No. 79) is **DENIED** and
plaintiff's First Motion in Limine to Exclude Evidence of Awards or
Commendations to Darryl Wormuth (Document No. 70) is **DENIED** as
**MOOT**.

(2)   Plaintiff's Second Motion in Limine to Exclude Evidence of Accelerated
Rehabilitative Disposition for Driving Under the Influence (Document No.
71) is **GRANTED**.

(3)     Plaintiff's Third Motion in Limine to Exclude Evidence of Sexual History
        and Marital Status (Document No. 72) is **DENIED**.  Defendant's Cross
        Motion pursuant to FRCP 412(c) (Document No. 90) is **GRANTED**.
        Defendant is permitted to introduce evidence at trial regarding plaintiff's
        sexual conduct in the workplace and her marital status at the time she was
        employed with defendant.

(4)     Plaintiff's Fourth Motion in Limine to Exclude Evidence of Alleged Drug
        Use (Document No. 73) is **DENIED**.  Defendant is precluded from
        introducing evidence of illegal or recreational drug use by plaintiff but may
        introduce evidence of prescription medication drugs taken by the plaintiff
        prior to and after her employment with defendant.

(5)     Plaintiff's Motion in Limine to Prevent Defendant from Introducing
        Evidence of the Settlement of Erin Murphy's Claims (Document No. 80) is
        **GRANTED**.  Ms. Murphy's testimony is limited to her own observations of
        the workplace while she was employed with defendant.  Defendant is not to
        introduce evidence concerning Ms. Murphy's remuneration.  All documents
        submitted to the jury should omit the EEOC from the caption and solely list
        Kari Wasylak as plaintiff.

(6)     Plaintiff's Amended Motion to Permit Jury Instruction Concerning
        Spoliation (Document No. 85) is **DENIED**.  Plaintiff's Motion to Permit
        Jury Instruction Concerning Spoliation (Document No. 74) is **DENIED** as
        **MOOT**.

(7)     Defendant's Motion in Limine to Exclude at Trial Any Evidence of the
        Equal Employment Opportunity Commission's Determination and
        Testimony Regarding the Determination (Document No. 86) is
        **GRANTED**.  Plaintiff is precluded from introducing the EEOC
        determination and any evidence regarding its existence at trial.

(8)     The court will not rule on plaintiff's Motion in Limine to Exclude
        Testimony, Evidence, Argument or Comment Inconsistent with 30(b)(6)
        Testimony of Richard Prezelski (Document No. 83) at this time as the
        parties are attempting to resolve this issue.  The parties are requested to
        inform the court no later than ten (10) days before the trial begins if they
        would like the court to rule on this motion.

BY THE COURT:


/s/ Lawrence F. Stengel

LAWRENCE F. STENGEL, J.