IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | : | CIVIL ACTION |
| **OPPORTUNITY COMMISSION,** | : | |
| Plaintiff, | : | |
| | : | |
| **KARI WASYLAK,** | : | NO. 06-01758 |
| Intervenor, | : | |
| | : | |
| v. | : | |
| | : | |
| **SMOKIN' JOE'S TOBACCO** | : | |
| **SHOP, Inc.,** | : | |
| Defendant. | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                                  September 18 th, 2007

      This is a sexual harassment and retaliation case.  Plaintiff/intervenor Kari Wasylak alleges that her supervisor, Darryl Wormuth, sexually harassed her and created a hostile work environment.  Wasylak further alleges that Smokin' Joe's terminated her in retaliation for lodging a sexual harassment complaint.  Defendant maintains that Wasylak did not experience sexual harassment and that she abandoned her job and was eventually terminated for refusing to cooperate in the sexual harassment investigation several weeks after she stopped showing up for work. In preparation for the upcoming trial, the court held a hearing on the parties motions in limine.   This Motion to Exclude Testimony, Evidence, Argument, or Comment Inconsistent with 30(b)(6) testimony of Richard Prezelski was not ruled upon at that time in the hope that the parties would be able to

resolve this issue independently. However, the parties have not been able to reach an agreement. For the reasons discussed below, I will deny this motion.

I.  **Motion in Limine to Exclude Testimony, Evidence, Argument, or Comment Inconsistent with 30(b)(6) testimony of Richard Prezelski**

Rule 30(b)(6) states:

A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization."

FED. R. CIV. P. 30(b)(6).

On December 19, 2006, plaintiff conducted a deposition of Richard Prezelski, defendant's designee for the rule 30(b)(6) deposition. On December 6, 2006, plaintiff's counsel issued a second revised notice of the Rule 30(b)(6) deposition, which stated that the designated representative "will testify regarding all sexual harassment training conducted by Smokin Joe's from 2000 to present...any harassment policy in place at Smokin' Joe's, any investigative practices regarding allegations of sexual harassment, disciplinary actions upon knowledge of sexual harassment, [and] management training." Pl's Mot. Aug. 7, 2007, Ex. 1. On December 7, 2006, the parties stipulated to schedule this deposition and produce a 30(b)(6) representative "who has knowledge of the procedures and policies regarding sexual harassment, management training and the

financial condition of the Defendant." Def's Resp. Mot. Limine Ex. B.  At the deposition, defendant's counsel did not allow Mr. Prezelski to answer questions regarding certain incidents because he claimed it was outside the scope of the deposition notice.  It does not appear that plaintiff tried to conduct another 30(b)(6) deposition.

Plaintiff brings this motion in limine to exclude defendant from introducing testimony or evidence inconsistent with that given by Mr. Prezelski at his December 19, 2006 deposition.  Plaintiff contends that Mr. Prezelski was unprepared and unwilling to answer questions posed to him concerning past complaints of sexual harassment and investigations.  Defense counsel directed him not to answer questions concerning particular cases.  On January 10, 2007, plaintiff filed a motion for sanctions requesting a default judgment or precluding defendant from asserting an affirmative defense, which the court summarily denied on January 29, 2007.

Defendant states that the questions posed to Mr. Prezelski were outside the scope of the stipulated deposition notice, which was agreed to subsequent to plaintiff's second revised Rule 30(b)(6) deposition.  Defendant also indicates that the parties agreed to adjourn the December deposition of Mr. Prezleski and reconvene after discussing the appropriate parameters for the inquiry.  Plaintiff's counsel never attempted to reconvene the deposition with a broader scope of inquiry.  Defendant also argues that plaintiff will have the opportunity to impeach Mr. Prezelski if inconsistent testimony is presented at trial.

It appears the Plaintiff's questions to Mr. Prezelski regarding past complaints of sexual harassment and investigations of past complaints were outside the scope of the parties' December 7, 2006 agreement.  Mr. Prezelski's refusal to answer those questions, at the direction of counsel was proper in light of the stipulated scope of the 30(b)(6) deposition.

Plaintiff's request to prevent Mr. Prezelski from testifying to matters beyond the stipulated scope of the deposition and to prevent defense counsel from "arguing or commenting" on (presumably) Mr. Prezelski's trial testimony that "conflicts" with his deposition testimony is an overreaction at best.  Mr. Prezelski is free to testify at trial to any relevant topic and he is not limited to the negotiated and agreed upon scope of the 30(b)(6) discovery deposition.  As counsel well knows, the Plaintiff has the right to cross examine Mr. Prezelski and that includes the ability to point out areas where Mr. Prezelski's trial testimony is inconsistent with his deposition, if in fact that becomes the case.

II.   **Conclusion**

Plaintiff's Motion in Limine to Exclude Testimony, Evidence, Argument, or Comment Inconsistent with 30(b)(6) testimony of Richard Prezelski is DENIED.  This ruling is without prejudice to Plaintiff's right to object to Mr. Prezelski's testimony at trial.  Further, Plaintiff's counsel may cross examine Mr. Prezelski to the extent that his trial testimony might be inconsistent with his deposition.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | : | CIVIL ACTION |
| **OPPORTUNITY COMMISSION,** | : | |
| Plaintiff, | : | |
| | : | |
| **KARI WASYLAK,** | : | NO. 06-01758 |
| Intervenor, | : | |
| | : | |
| V. | : | |
| | : | |
| **SMOKIN' JOE'S TOBACCO** | : | |
| **SHOP, Inc.,** | : | |
| Defendant. | : | |

**O R D E R**

**AND NOW,** this 18th day of September, 2007, upon consideration of the Plaintiff's Motion in Limine to Exclude Testimony, Evidence, Argument or Comment Inconsistent with 30(b)(6) Testimony of Richard Prezelski (Document #83), and Defendant's response in opposition thereto, it is hereby **ORDERED** that Plaintiff's Motion in Limine is **DENIED**.

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.